IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAWON HURLEY JOHNSON,** : | |
|     **Plaintiff,** : | |
| : | |
| **v.** : | **CIVIL ACTION NO. 21-CV-4821** |
| : | |
| **KYLE RUSSELL,** *et al.*, : | |
|     **Defendants.** : | |

## MEMORANDUM

**ROBRENO, J.**                                                                                                          **MARCH 11, 2022**

Plaintiff Jawon Hurley Johnson, a prisoner currently incarcerated at Lehigh County Prison[1] ("LCP"), brings this *pro se* civil action pursuant to 42 U.S.C. § 1983, raising constitutional claims based on the conditions at LCP. Johnson seeks to proceed *in forma pauperis* and has submitted a copy of his institutional account statement. (ECF Nos. 1, 4.) For the following reasons, the Court will grant Johnson leave to proceed *in forma pauperis*, dismiss his Complaint, and grant Johnson leave to file an amended complaint to file an amended complaint.

## I.     FACTUAL ALLEGATIONS

The Complaint identifies the following Defendants: (1) Lehigh County Prison, (2) LCP Warden Kyle Russell, (3) LCP Director Janine Donate, and (4) the City of Allentown. Johnson claims he was subjected to unconstitutional punishment based on the conditions at LCP. Specifically, he claims that the "overly aggressive" COVID-19 measures utilized at LCP caused

---

[1] The Court understands Johnson to be referencing the Lehigh County Jail. *See* https://www.lehighcounty.org/departments/corrections/lehigh-county-jail (last viewed 1/20/2022).

him to develop psychological issues. (ECF No. 1 at 4.)[2] He further alleges that he contracted COVID-19 during his confinement and "suffered sever[e] symptoms." (*Id.*)

Johnson alleges that LCP's lockdown measures included "the suspen[s]ion of visits, treatment, education and religious services." (*Id.* at 4.) He states further that he was placed in "24 hour cell confinement for 14 to 28 days" and that Defendants Donate and Russell "should be aware of the psychological effects of solitary confinement," which he contends constitutes deliberate indifference. (*Id.*) He asserts that Defendants Donate and Russell implemented the lock-down measures at LCP, and "knowing they could not protect [him from COVID-19 exposure], they should [have] relinquished custody so [he] could protect [himself]." (*Id.*) Johnson seeks money damages of $100 million. (*Id.*)

## II. STANDARD OF REVIEW

The Court grants Johnson leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as

---

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

[3] However, as Johnson is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Johnson is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III.  DISCUSSION

The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, which provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Johnson indicates that he was a pre-trial detainee when he was subjected to the challenged conditions (ECF No. 1 at 4), so the Fourteenth Amendment, rather than the Eighth Amendment, governs his claims. *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). Here, Johnson has neither alleged a plausible basis for a constitutional violation or a basis for each Defendant's liability. Johnson has not plausibly alleged that the conditions in which he was confined were unconstitutional in large part because his allegations are vague and generalized.

### A.     Failure to Allege a Constitutional Violation

Johnson presents two distinct, but related allegations regarding the lockdown measures at LCP. He alleges that they were "overly aggressive" and caused him to "develop[] psychological issues." (ECF No. 1 at 4.) He also alleges that the measures taken failed to protect him, since he contracted COVID while in custody. (*Id.*) These allegations are best construed as asserting that the conditions in which he was confined amounted to unconstitutional punishment in violation of the Due Process Clause. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979) (explaining that pretrial detainees are protected from "punishment" by the Due Process Clause of the Fourteenth Amendment). For the reasons below, Johnson has failed to allege a plausible constitutional violation.

"Unconstitutional punishment typically includes both objective and subjective components." *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007). "[T]he objective component requires an inquiry into whether 'the deprivation [was] sufficiently serious' and the subjective component asks whether 'the officials act[ed] with a sufficiently culpable state of mind[.]'" *Id.* (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). To satisfy the subjective component, a prisoner must assert that prison officials acted with deliberate indifference, meaning that they consciously disregarded a serious risk to the detainee's health or safety. *See Wilson*, 501 U.S. at 303-04; *Edwards v. Northampton Cty.*, 663 F. App'x 132, 135 (3d Cir. 2016) (*per curiam*) ("[W]e agree with the District Court and find no reason to apply a different standard here as we have applied the 'deliberate indifference' standard both in cases involving prisoners and pretrial detainees." (internal citations omitted)). The subjective component is also met where a detainee alleges an express intent to punish or when a restriction or condition is not rationally related to a legitimate governmental objective or is excessive. *See Stevenson*, 495 F.3d at 68; *see also*

4

*Camps v. Giorla*, 843 F. App'x 450, 452 (3d Cir. 2021) (*per curiam*) ("[A] court must determine whether the conditions complained of were imposed for the purpose of punishment or whether it is merely incidental to a legitimate governmental objective."). In assessing whether a detainee's conditions of confinement amount to punishment, courts should consider the totality of the circumstances, while keeping in mind that conditions generally do not violate the Constitution unless inmates are required to endure "genuine privations and hardship over an extended period of time." *Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (internal quotations omitted); *see also Hutto v. Finney*, 437 U.S. 678, 686-87 (1978) (explaining that "the length of confinement cannot be ignored in deciding whether the confinement meets constitutional standards[]" since "[a] filthy, overcrowded cell and a diet of 'grue' might be tolerable for a few days and intolerably cruel for weeks or months").

Johnson presents no allegations in relation to the conditions of his housing when he contracted COVID. Rather, he states only that he "contracted COVID-19" and "suffered sever[e] symptoms." (ECF No. 1 at 4.) To state a constitutional claim in this context, Johnson must allege facts plausibly establishing that the Defendants confined him in conditions that amounted to punishment or that the Defendants were deliberately indifferent to his serious medical needs. *See Hope v. Warden York Cty. Prison*, 972 F.3d 310, 325 (3d Cir. 2020). "To establish deliberate indifference [in the COVID-19 context, prisoner] must show the Government knew of and disregarded an excessive risk to their health and safety." *Id.* at 329 (citing *Nicini v. Morra*, 212 F.3d 798, 811 (3d Cir. 2000)). "The context of the Government's conduct is essential to determine whether it shows the requisite deliberate indifference," and, in evaluating this context, a reviewing court must defer to the expertise of both medical officials and jail administrators, and not assume a constitutional defect where concrete action has been taken in

response to the COVID-19 pandemic as constitutional rules "are not subject to mechanical application in unfamiliar territory." *Id.* at 329-30 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 850 (1998)).  Thus, where the facility has taken concrete steps towards mitigating the medical effects of COVID-19 on a detention facility, a prisoner will fall "well short" of establishing that the facility and its staff were deliberately indifferent toward his medical needs in light of the virus even though they cannot entirely "eliminate all risk" of contracting COVID, notwithstanding even serious preexisting medical conditions the prisoner may have.  *Id.* at 330-31.  Accordingly, Johnson's allegations, which merely state that he contracted COVID and he had severe asthma, are insufficient to plausibly allege that he was subjected to unconstitutional conditions.  *Id.*

As to Johnson's allegations that the lockdown measures imposed were "excessive", Johnson alleges twenty-four hour cell confinement for 14 to 28 days.  (ECF No. 1 at 4.)  This allegation is unclear as to the duration of any lockdowns to which he was personally subjected, whether this allegation concerns repeated lockdowns or just one, the circumstances under which those lockdowns occurred.  Other than a general statement that he has developed "psychological issues," Johnson has not provided any detail about the nature and scope of these psychological issues, nor has he presented any allegations about how these lockdowns caused him harm or denied him basic needs.  Though Johnson notes certain activities that were prohibited during these periods – visits, "treatment," "education," and "religious services" he notes each restriction in highly generalized terms.  (*Id.*)  Absent these additional allegations, Johnson's generalized allegation that he was facing "excessive[,] overly aggressive restrictive lockdown measures" is insufficient to plausibly allege that he was subjected to unconstitutional conditions.  *See Stokes v. Carney*, Civ. A. No. 21-1435, 2021 WL 4477185, at *8 (E.D. Pa. Sept. 29, 2021) (plaintiffs

failed to state a claim based on conditions where "[t]hey have not alleged sufficient facts about the extent, duration, and effect of those conditions from which this Court could infer that the challenged conditions were objectively serious, such that inmates housed on A-1-3 were deprived of a basic human need or that their health or safety was at risk").

### B.     Failure to Allege Personal Involvement

Johnson's claims also fail for the separate reason that he has not adequately alleged a basis for the Defendants' liability in this § 1983 action.

Initially, the Court will dismiss Johnson's claims against LCP and the City of Allentown with prejudice because there is no basis for imposition of liability on these Defendants. The claims against LCP are dismissed with prejudice because a jail is not a "person" under § 1983. *Cephas v. George W. Hill Corr. Facility*, Civ. A. No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010); *Miller v. Curran-Fromhold Corr. Facility*, Civ. A. No. 13-7680, 2014 WL 4055846, at *2 (E.D. Pa. Aug. 13, 2014) (citing *Mitchell v. Chester Cty. Farms Prison*, 426 F. Supp. 271 (E.D. Pa. 1976). The claims against the City of Allentown are also dismissed with prejudice because LCP is operated by Lehigh County and not by the City of Allentown, *see* https://www.lehighcounty.org/Departments/Corrections (last viewed 1/20/2022).[4] In any event, Johnson's allegations, as pled, are insufficient to establish that a municipal policy or custom caused a violation of his rights, as is necessary to state a basis for municipal liability under § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978) (explaining that to state a claim for municipal liability under § 1983, a plaintiff must allege that

---

[4] The Court may take judicial notice of the information published on a government website. *See Vanderklok v. United States*, 868 F.3d 189, 205 (3d Cir. 2017) ("To the extent that we rely on information beyond what the government included in its amicus brief, that information is publicly available on government websites and therefore we take judicial notice of it.").

the defendant's policies or customs caused the alleged constitutional violation); *McTernan v. City of York, Pennsylvania*, 564 F.3d 636, 658 (3d Cir. 2009) ("To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was.").

Johnson has also failed to state a plausible claim against Defendants Russell and Donate. "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable under § 1983. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). Johnson has not adequately alleged how either Defendant Russell or Defendant Donate were personally responsible for the challenged conditions such that they could be held liable for the alleged violation of his rights. Liberally construing the Complaint, it appears Johnson may be alleging that Defendants Russell and Donte are responsible for the claimed constitutional violations because they are generally responsible for managing LCP, but this is insufficient.

A supervisor may be liable if he or she "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 575 U.S. 822 (2015) (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)).[5] But generalized allegations that a supervisory defendant is "in charge of" or "responsible for" an

---

[5] The Court does not understand Johnson to be alleging that Russell and Donte "participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Barkes*, 766 F.3d at 316.

office or facility are insufficient to allege personal involvement in an underlying constitutional violation.  *See Saisi v. Murray*, 822 F. App'x 47, 48 (3d Cir. 2020) (*per curiam*) ("Saisi asserted that some defendants were 'in charge of agencies that allowed this to happen,' and that liability stemmed merely from defendants' 'belief' that their conduct would be 'tolerated.'  A director cannot be held liable 'simply because of his position as the head of the [agency].'" (quoting *Evancho v. Fisher*, 423 F.3d 347, 354 (3d Cir. 2005)).  Johnson's general reference to LCP's warden and director is insufficient to assert their liability for the alleged violation of his rights.

## IV.  CONCLUSION

For the foregoing reasons, the Court will grant Johnson leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  All claims, other than his claims against Defendants Russell and Donte, are dismissed with prejudice.  Johnson may file an amended complaint if he is capable of curing the defects the Court has identified in his claims against Russell and Donate.  An appropriate Order follows.

**BY THE COURT:**

*Eduardo C. Robreno*
**EDUARDO C. ROBRENO, J.**